UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | \| | CHAPTER 13 |
| | \| | |
| Minor Enquirque Morales | \| | CASE NO. 11-11306 |
| SSN:     xxx-xx-8271 | \| | |
| Debtor | \| | |

**SECOND AMENDMENT TO CHAPTER 13 PLAN**

Comes now the Debtor in the above case and amends his Chapter 13 plan as follows:

1.

Paragraph 5(A)(ii) "Domestic Support Obligations" of the Chapter 13 plan provided as follows:

The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

> Jacqueline M. Cousin
> c/o Nassau County Child Support
> Theodore Roosevelt
> Executive and Legislative Building
> 1550 Franklin Avenue
> Mineola, NY 11501-4898
>
> Jacqueline M. Cousin
> 1550 Westervelt Avenue
> Baldwin, NY 11510

2.

The Debtor seeks to amend Paragraph 5(A)(ii) of the Chapter 13 plan, by providing an additional name and address for a holder of domestic support obligation and by providing clarification that all current support will be paid direct, resulting in Paragraph 2 providing as follows:

The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

> Jacqueline M. Cousin
> c/o Nassau County Child Support
> Theodore Roosevelt
> Executive and Legislative Building
> 1550 Franklin Avenue
> Mineola, NY 11501-4898
>
> Jacqueline M. Cousin
> 1550 Westervelt Avenue
> Baldwin, NY 11510

**JAMES G. BAKER, P.C.**
305 NORTH GREENWOOD STREET
LAGRANGE, GA 30240
Telephone: (706) 884-3059
Fax: (706) 882-4062

| | |
|---|---|
| Clayton County district Attorney<br>Child Support Division<br>9151 Tara Blvd., 3rd Floor<br>Jonesboro, GA 30236 | Account No: 410007022 |

Family Support Registry
PO Box 1800
Carrollton, GA 30112-1800

The Debtor's child support obligations, current support, will be paid outside of the terms of the Plan, which will authorize DCSS to utilize any mechanism authorized by law, including, but not limited to, those mechanisms detailed in 11 U.S.C. § 362(b)(2), to collect or to review and modify any child support obligation.

The Debtor after having filed the initial plan on April 12, 2011, and a First Amended Plan on June 21, 2011, hereby amends the plan in this case as is described above and sets forth the Second Amended Plan in its entirety as follows:

**Extension  (XX)**                                                                                         **Composition ( )**

You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 plan:

1. **Submission of Income**.  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.**  Debtor will pay the sum of **$1,025.00** per month to Trustee by (**XX**)Payroll Deduction(s) or by ( )Direct Payment(s) for the applicable commitment period of **60**months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months.  *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and §1326(a)(1)(C).

The following alternative provision will apply if selected:

____ IF CHECKED, Plan payments will increase by $_____ on _____, 20___, upon completion or termination of _____.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.**  Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A) **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062

    (B)  **Debtor's Attorney's Fees.**  The attorney fees to be paid by Debtor are in the amount of **$4,000.00** for services rendered in the case. Prior to the filing of the case the attorney received $**0.00.** The balance of the fees shall be disbursed by Trustee as follows: (a) upon the first disbursement of the plan following confirmation of the plan, the Trustee shall disburse up to **$4,000.00** after the payment of adequate protection payments and administrative fees.  The remaining balance of the fees shall be paid up **to $155.00** per month until the fees are paid in full; (b) if the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of the plan, the Trustee shall pay fees up to **$4,000.00** from available funds. (c) any additional attorney's fees, after approval by the Court, shall be paid by the Chapter 13 Trustee up to **$155.00** per month until the fees are paid in full.

5. **Priority Claims.**

    (A).  **Domestic Support Obligations**

      \_\_\_ None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

      (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows.  *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

          Jacqueline M. Cousin
          c/o Nassau County Child Support
          Theodore Roosevelt
          Executive and Legislative Building
          1550 Franklin Avenue
          Mineola, NY 11501-4898

          Jacqueline M. Cousin
          1550 Westervelt Avenue
          Baldwin, NY 11510

          Clayton County district Attorney
          Child Support Division                  Account No: 410007022
          9151 Tara Blvd., 3rd Floor
          Jonesboro, GA 30236

          Family Support Registry
          PO Box 1800
          Carrollton, GA 30112-1800

      The Debtor's child support obligations, current support, will be paid outside of the terms of the Plan, which will authorize DCSS to utilize any mechanism authorized by law, including, but not limited to, those mechanisms detailed in 11 U.S.C. § 362(b)(2), to collect or to review and modify any child support obligation.

      (iii). Anticipated Domestic Support Obligation Arrearage Claims

          (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. §507(a)(1) will be paid in full pursuant to 11 U.S.C. §1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

            \_\_\_ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
| Nassau County Child Support | $16,544.02 | $285.00 |
| | | |

(b) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

____ None: or

Claimant and proposed treatment:
Division of Child Support Services
PO Box 1600
Carrollton, GA 30112-1600
$400.00 per month direct for current child support
Collecting current support for Jacqueline M. Cousin &
Nassau County Child Support Enforcement

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| IRS | $4,557.13 |
| | |

**6. Secured Claims**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

____ Directly to the creditor; or

 X   to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection Payment amount |
|---|---|---|
| Badcock Furniture | TV & entertainment center | $25.00 |
| Capital One Auto Finance | 2010 Dodge Grand Caravan | $250.00 |
| The Kirby Company | Kirby vacuum cleaner | $25.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in paragraph (c).

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

__ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Badcock Furniture | TV & entertainment center | 5/2010 | $2,409.13 | 3% | $50.00 |
| Capital One Auto Finance | 2010 Dodge Grand Caravan | 9/2010 | $22,000.00 | 5% | $425.00 |
| The Kirby Company | Kirby vacuum cleaner | 9/2010 | $2,300.00 | 3% | $45.00 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the valued indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of the funds.

 X  None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly Payment |
|---|---|---|---|---|---|
| None | | | | | |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| None | | | |

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062

    (C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to a confirmation of this plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Life the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| None |  |

    7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$7,098.65.** After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$7,098.65 or  100  %,** whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

    8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

    Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

X None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for Information purposes) |
|---|---|---|---|
| Billy Blanks | Rent | $750.00 | -0- Current on rent |
|  |  |  |  |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of the case, unless the Court orders otherwise.

10. **Other Provisions:**

    **(A) Special classes of unsecured claims.**

    **(B) Other direct payments to creditors.**

    (C)   **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with  0  % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above)) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

JAMES G. BAKER, P.C.
305 NORTH GREENWOOD STREET
LAGRANGE, GA 30240
Telephone: (706) 884-3059
Fax: (706) 882-4062

(D)  Claims subject to lien avoidance pursuant to 11 U.S.C.§522(f):  The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied.  If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan.  To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph.  This paragraph shall apply to the following creditors: none

(E)  Following the completion of any payments described in Paragraphs 4(B), 6(A)(ii)(a), 5(A)(iii) and 6(A)(ii)(b), the funds described to be paid to each specific creditor in paragraphs 4(B), 5(A)(iii), 6(A)(ii)(a) or paragraph 6(A)(ii)(b) shall be split pro-rata between any remaining secured, priority or administrative creditors.

This 11th day of July , 2011.

        /s/ James G. Baker
        James G. Baker
        Attorney for Debtor
        Georgia Bar No. 033717

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062

**DECLARATION**

I, Debtor in the within and foregoing case, declare under penalty of perjury that I have read the foregoing First Amended Chapter 13 Plan and exhibits attached thereto and that it is true and correct to the best of my knowledge, information and belief.

This 11th day of July, 2011.

/s/ Minor Enquirque Morales
Minor Enquirque Morales

JAMES G. BAKER, P.C.
305 NORTH GREENWOOD STREET
LAGRANGE, GA 30240
Telephone: (706) 884-3059
Fax: (706) 882-4062

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE:                                          | CHAPTER 13
                                                |
    Minor Enquirque Morales            | CASE NO. 11-11306
    SSN:   xxx-xx-8271                  |
        Debtor                          |

**CERTIFICATE OF SERVICE**

The undersigned, James G. Baker, attorney for the Debtor, 305 North Greenwood Street, LaGrange, Georgia 30240 hereby certifies:

That I am, and at all times hereafter mentioned, was more than 18 years of age, and that on the 11th day of July, 2011, I served a copy of the within **SECOND AMENDMENT TO CHAPTER 13 PLAN** filed in the above case on:

Adam M. Goodman, Chapter 13 Trustee, 260 Peachtree St. NW, Suite 200, Atlanta, GA 30303

by mailing same by first class mail with adequate postage affixed thereto to assure delivery.

                                                    /s/ James G. Baker
                                                    James G. Baker
                                                    Attorney for Debtor
                                                    GA Bar No. 033717

**JAMES G. BAKER, P.C.**
**305 NORTH GREENWOOD STREET**
**LAGRANGE, GA 30240**
Telephone: (706) 884-3059
Fax: (706) 882-4062